UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6661 FMO (JCx) | Date | August 6, 2020 |
|---|---|---|---|
| Title | MRC Creations, LLC v. Hana Financial, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**   (In Chambers) Order to Show Cause re Dismissal for Lack of Jurisdiction

On July 24, 2020, plaintiff MRC Creations, LLC ("plaintiff") filed a Complaint, (Dkt. 1), in this court against defendant Hana Financial, Inc. ("defendant"). Federal subject matter jurisdiction is premised solely on diversity of the parties, (see Dkt. 1, Complaint at ¶ 4), but the Complaint contains no allegations as to the citizenship of plaintiff's LLC members, (see, generally, id.). The Complaint only alleges that plaintiff "is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business [in] California[,]" (id. at ¶ 1), and thus the pleading is defective as a matter of law. Although the parties "consent[] to the jurisdiction and venue of this court[,]" (id. at ¶ 4), "[t]he presence of [a] nondiverse party automatically destroys original jurisdiction: [n]o party need assert the defect [and n]o party can waive the defect or consent to jurisdiction." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389, 118 S.Ct. 2047, 2052 (1998).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "[T]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

To properly plead diversity jurisdiction "with respect to a limited liability company, the citizenship of all its members must be pled." NewGen, 840 F.3d at 611. Furthermore, for diversity purposes, the Ninth Circuit has held that a "LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members[.]) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6661 FMO (JCx) | Date | August 6, 2020 |
|---|---|---|---|
| Title | MRC Creations, LLC v. Hana Financial, Inc. | | |

  Based on the foregoing, IT IS ORDERED that no later than **August 14, 2020**, plaintiff shall file a First Amended Complaint setting forth allegations establishing federal subject matter jurisdiction.  Plaintiff is reminded that the First Amended Complaint must comply with the requirements of Fed. R. Civ. Proc. 8.  Failure to file a First Amended Complaint by the deadline set forth above shall result in the action being dismissed without prejudice for lack of personal jurisdiction, improper venue, and/or failure to comply with the orders of the court.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |